IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2010 JUN 28  P 12: 54

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TENA HIATT, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiffs,<br>vs.<br><br>MCM HOLDINGS, LLC and PARNELL & CRUM, P.A.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 2:10CV556<br><br>)  CLASS ACTION<br><br>)  **DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW the Plaintiff, Tena Hiatt, (hereafter the "Plaintiff") by counsel, and for her complaint against the above-named Defendants, alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### PRELIMINARY STATEMENT

2. This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to enjoin Defendant's conduct and recover damages by reason of the Defendants' violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt without providing the requisite notice of the consumer's right to dispute the debt. Defendants' collection letter states that any such dispute must be in writing when there is no such requirement found in the statute.

## **PARTIES**

3. The Plaintiff is a natural person and resident of Millry, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant MCM Holdings, LLC ("MCM") is a corporation which is, upon information and belief, incorporated under the laws of the state of Alabama and has its principal place of business in the Montgomery. For all relevant times, MCM was engaged in business within the State of Alabama, including the collection of debts. MCM is regularly engaged in the practice of debt collection.

5. MCM sends collection letters and places collection calls as a regular part of its business.

6. The mails and interstate wire communications are used to conduct the business of MCM.

7. MCM is a debt collector as defined in the FDCPA.

8. Parnell & Crum, PA ("Parnell") is a corporation which is, upon information and belief, incorporated under the laws of the state of Alabama and has its principal place of business in Montgomery, Alabama. At all relevant times, Parnell was engaged in business within the State of Alabama, including the collection of debts. Parnell is regularly engaged in the practice of debt collection.

9. The mails and interstate wire communications are used to conduct the business of Parnell.

10. Parnell is a debt collector as defined in the FDCPA.

## FACTS

11.  On or about July 1st 2009, Parnell, acting on behalf of MCM, initially contacted Plaintiff by the use of a collection letter demanding payment in the amount of $9,261.62. The creditor was identified as "MCM, LLC as ASSIG OF Exxon/Mobil Classic" with an account number listed on the letter, account number *************6006.[1]

12.  On information and belief, the alleged debt mentioned in the letter is over 6 years old and is therefore time barred.

13.  On Parnell's July 1st 2009 initial communication the following language was located in the third paragraph of the front page:

> *If you dispute the balance or any part of the balance, PLEASE READ CAREFULLY THE ATTACHED IMPORTANT NOTICE ABOUT YOUR RIGHT TO OBTAIN VERIFICATION. THIS INFORMATION IS ALSO ON THE REVERSE OF THIS LETTER. PLEASE NOTIFY US IMMEDIATLEY IF YOU DISPUTE THE DEBT OR THE BALANCE DUE. We need to receive WRITTEN NOTICE of your dispute, and in that written notice, please give details of the exact nature of your dispute and attach copies of any documents which you claim substantiate to prove your dispute (such as cancelled checks, receipts, etc.).*
>
> *If you do not either dispute this debt in writing or pay this account or make satisfactory arrangements WITH THIS OFFICE to do so within thirty (30) day period, we will advise our client that legal action may be necessary to collect this account.* (Emphasis in original.)

On the reverse side of the letter, the following language is present:

### *NOTICE*

> *Unless you dispute this debt, or any portion thereof, within thirty (30) days after receipt of this notice the debt will be assumed to be valid by Parnell & Crum, P.A. If you notify us in writing within thirty (30) days after receipt of this notice that you dispute the debt in whole or in part, we will obtain verification of the debt (or a copy of the judgment against you) and this verification will be mailed to you. Furthermore, upon written request, within thirty (30) days after receipt of this notice, we will provide you with the name and address of the*

---

[1] A copy of the letter is attached hereto as Exhibit "A".

3

*original creditor, if different from current creditor.*

***Please note that this letter is sent for the purpose of attempting to collect the debt and that any information obtained from you will be used for the purposes of collecting the debt from you.***

14. 15 U.S.C. § 1692g(a) states that a consumer can, within 30 days after receipt of the debt collectors' notice, dispute the validity of the debt.

15. The statute, specifically 15 U.S.C. § 1692g(a)(3), sets forth <u>no</u> requirement that the dispute be in writing

16. The language set forth in Parnell's letter to the Plaintiff on the front page states the collection agency may only receive "WRITTEN NOTICE" from the Plaintiff and she must "dispute this debt in writing." The letter allows for no other methods of communication, such as a phone call or facsimile by the consumer to dispute the validity of the debt.

17. However, the back page of the letter contains two paragraphs titled "NOTICE" and in the first sentence states, "Unless you dispute this debt…the debt will be assumed to be valid…," with no mention of the writing requirement until the second sentence of that paragraph.

18. The language on the front and back of the letter are contradictory and would easily cause a consumer, like the Plaintiff, to be confused regarding her rights under the statue. Additionally, the front page of the letter further states "THIS LANGUAGE IS ALSO IN THE REVERSE OF THIS LETTER." This would tend keep the Plaintiff and others from reviewing the backside notice, thus circumventing the requirements of the statue.

19. The letter also misrepresents the legal status of the debt in violation of 15 U.S.C. § 1692e(2), (4), (5), (10).

20. The letter and its contents otherwise violate the FDCPA.

21. At all times relevant hereto Parnell was acting at the direction of and as the agent

and attorney for MCM.

## COUNT ONE
## (FDCPA VIOLATIONS)

22. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

23. Defendants have violated the FDCPA in connection with attempts to collect on the debt. Defendants' violations include, but are not limit to, the following:

    a. Making attempts to collect, including threats of litigation, on a debt which Defendants knew or should have known was barred by the applicable statutes of limitation in violation of 15 U.S.C. §§ 1692f, 1692e(2)(A) & (10);

    b. Failing to comply with the requirements of 15 U.S.C. § 1692e(2) by threatening to "advise our client that legal action may be necessary" thereby misrepresenting the legal status of the debt, which is time barred;

    c. Violating 15 U.S.C. § 1692e(5) by threatening to take action that cannot be legally taken or is not intended to be taken;

    d. Using a false representation that legal action may be taken while attempting to collect a debt in violation of 15 U.S.C. § 1692e(10); and

    e. By falsely stating that a dispute of the validity of the debt must be in writing in violation of 15 U.S.C. §1692g(a)(3).

24. As a result of their violations of the FDCPA, Defendants are liable to Plaintiff for statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. A declaratory judgment that Defendants' conduct violated the FDCPA;

C. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

D. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (CLASS ACTION ALLEGATIONS)

27. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

28. This action on behalf of Plaintiff and all members of a class composed of persons who have been subjected to collection activity by Defendants that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some or all of the relief requested herein.

29. The class is initially defined as:

All persons, during a period beginning on July 1st 2008 through the present, to whom Defendants and/or their agents sent a letter in the form of Exhibit "A", or otherwise containing the identical or substantially identical language found in Exhibit "A", in an attempt to collect a consumer debt.

30. Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of this complaint on behalf of all those persons above described belonging to the class or any sub-class therein.

31. Plaintiff avers that the class is so numerous, that joinder of all members is

impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims.

32. Her claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity she will fairly and adequately protect the interest of the class.

33. Each class member has, or has been subjected to collection activity in violation of the FDCPA.

34. Names and addresses of class members are presently unknown to Plaintiff, but can be readily ascertained from the defendants' business records.

35. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

    a. Does the Defendants' conduct violate the FDCPA?

    b. What is the frequency and persistence of the violations?

    c. What was the nature of such violations?

    d. Were the violations intentional?

    e. What is the net worth of the defendants?

    f. How many persons were adversely affected?

    g. What is the appropriate remedy for the violations?

    h. Were any of the violations the result of a bona fide error?

    i. Did the defendants maintain procedures reasonably adapted to avoid any such errors?

36. Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

37. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

38. The named representative's claims are typical and representative of the class and sub-class claims.

39. It is and was the practice of Defendants to attempt debt collection that was in violation of the FDCPA as stated above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class and any sub-class described herein the remedies provided for in 15 U.S.C. § 1692k.

## COUNT THREE
### (DECLARATORY AND INJUNCTIVE RELIEF)

40. Plaintiff realleges and adopts by reference all of the foregoing relevant paragraphs in this complaint.

41. Plaintiff and the members of the class bring this action in this count pursuant to Rule 57 of the Federal Rules of Civil Procedure in that an actual controversy exists between the parties concerning their rights under the FDCPA.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated pray as follows:

a. That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class.

b. That this court award Plaintiff and the members of the class statutory damages for

all losses incurred by them.

c.  That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

d.  That this court issues an injunction restraining the defendant, their agents or employees from their practices alleged.

e.  That this court determines the rights of the parties and directs Defendants to cease illegal collection activity.

f.  That this court enjoin Defendants from destroying or altering books or records concerning or in any way relating to the practices as stated above.

g.  For such other and further relief as this court deems just and equitable.

h.  That Defendants be required to pay punitive damages in an amount to be determined, in addition to statutory damages.

RESPECTFULLY SUBMITTED this the 25th day of July, 2010.

EARL P. UNDERWOOD (UNDE6591)
JAMES D. PATTERSON (PATTJ6485)
KENNETH J. RIEMER (RIEMK8712)
Underwood & Riemer, PC
Attorneys for Plaintiff
166 Government Street, Suite 100
Mobile, Alabama  36602
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
epunderwood@alalaw.com
jpatterson@alalaw.com
kjr@alaconsumerlaw.com

**TRIAL BY JURY IS DEMANDED.**

_____
Earl P. Underwood, Jr.

**DEFENDANTS CAN BE SERVED AT THE FOLLOWING ADDRESSES:**

PARNELL & CRUM, P.A.
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

MCM HOLDINGS, LLC.
c/o CHARLES N. PARNELL, III
2130 ROSEMONT DR
MONTGOMERY, AL 36111